UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GERTH and JUDITH GERTH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICAN MORTGAGE EXPRESS ) <br> FINANCIAL, *et al.,* ) <br> ) <br> Defendants. ) <br> ) | Civil No. 09cv2475-L(RBB) <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

     On November 4, 2009 Plaintiffs filed a complaint and a Motion for Ex parte Request for a Temporary Restraining Order to Stop the Trustee Sale of the Property Scheduled for November 5, 2009 ("TRO"). Pursuant to 28 U.S.C. § 1331, the court has subject matter jurisdiction over the case, because the complaint alleges causes of action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), and Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq*. ("RESPA"). For the reasons which follow, Plaintiffs' motion for a TRO is **DENIED**.

     Plaintiffs allege they entered into two loan transactions secured by a residence. They assert RESPA violations, violations of California Civil Code Section 2943, rescission of the loan made by Bank of America, N.A. ("Bank of America"), quiet title under California law, declaratory relief,[1] and violation of California Business and Professions Code § 17200 *et seq.*

---

[1] Plaintiffs do not specify what declaratory relief they seek. (Compl. at 7.)

They request damages and injunctive relief.  In their TRO motion, Plaintiffs allege that Bank of America initiated non-judicial foreclosure proceedings scheduled for November 5, 2009, which Plaintiffs seek to enjoin based on their rescission of the underlying loan.[2]

A party seeking preliminary injunctive relief, including a TRO, must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in the moving party's favor.  *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998).  Furthermore, the moving party must show that the threatened irreparable harm is imminent.  *Sardi's Rest. Corp. v. Sardi*, 755 F.2d 719, 725 (9th Cir. 1985); *Caribbean Marine Servs., Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiffs claim that they have rescinded the Bank of America loan pursuant to 15 U.S.C. § 1635 based on the lender's failure to make the requisite disclosures.  Under section 1635(a), the borrower has a right to rescind if, among other things, the loan is secured by the "property which is used as the principal dwelling of the person to whom credit is extended."  Plaintiffs neither allege nor declare that the property securing the loan is their principal dwelling.

In addition, Plaintiffs do not affirmatively state that they did not receive the requisite disclosures.  Instead, the evidence regarding disclosures consists of Robert Gerth's statement that he does "not recall receiving being [*sic*] meaningfully informed or receiving pertinent written notices of required disclosures."  (Plaintiff's Decl.)  Moreover, Mr. Gerth is only one of the two Plaintiffs in this case.  Plaintiffs did not file a declaration of Judith Gerth to indicate whether she received the disclosures.[3]

Furthermore, one of requirements for rescission under 15 U.S.C. § 1635 is the borrower's

---

[2] The complaint and documents filed in support of the TRO include references to various exhibits, however, the exhibits were not provided to the court.

[3] The corresponding allegations in the complaint ambiguously refer to "Plaintiff" and cite to Mr. Gerth's declaration.  (Compl. at 4.)

return of money received from the lender, less interest, finance charges and similar items. Unless the lender acquiesces in the rescission, the rescission is not automatic. *Yamamoto v. Bank of New York*, 329 F.3d1167, 1172 (9th Cir. 2003).  If rescission were automatic, "a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any." *Id.* (emphasis in original).  A court "may impose conditions on rescission that assure that the borrower meets [his or] her obligations once the creditor has performed its obligations." *Id.* at 1173.  If the borrower cannot comply with the obligations, *i.e.*, lacks capacity to pay back what he or she received from the lender, the court may decide not to enforce the rescission. *Id.*  Although Plaintiffs assert in a conclusory fashion that their counsel rescinded the Bank of America loan, they do not state that Bank of America acquiesced or specify whether they offered to repay the loan amount or are able to make such an offer.

Last, although Plaintiffs allege that a trustee sale is scheduled for November 5, 2009, they do not include this fact in any declaration or attach any document supporting this allegation. The only declaration addressing the trustee sale states that, "Plaintiff's counsel contacted Trustee in writing on October 29, 2009 regarding Servicer's assertions that *no* sale date was pending;" and "Plaintiff contacted Trustee by phone on November 1, 2009 regarding Servicer's assertions that *no* sale was pending."[4]  (Keane Decl. ¶ 13 (emphases added).)

The record before the court does not show that the property allegedly subject to sale is Plaintiffs' principal dwelling, that the requisite TILA disclosures were not made, that Plaintiffs are capable of performing their own rescission obligations, or whether the sale will take place.

/ / / / /
/ / / / /
/ / / / /
/ / / / /

---

[4] The affidavit does not specify which one of the two Plaintiffs contacted the Trustee.  Although Mr. Gerth's declaration was filed, it does not contain any reference to the pending sale or to the telephone call to the Trustee.  Plaintiffs did not file Mrs. Gerth's declaration.

Plaintiffs failed to make a sufficient showing of their likelihood of success on the merits and the possibility of imminent irreparable harm.  Their motion for a TRO is therefore **DENIED**.

     **IT IS SO ORDERED**.

DATED: November 5, 2009

                      M. James Lorenz
                      United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL