UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GERTH and JUDITH GERTH,<br><br>  Plaintiffs,<br><br>v.<br><br>AMERICAN MORTGAGE EXPRESS FINANCIAL, *et al.,*<br><br>  Defendants. | Civil No. 09cv2475-L(RBB)<br><br>**ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER** |

On November 4, 2009 Plaintiffs filed a complaint alleging they entered into two loan transactions secured by their residence. They assert RESPA violations, violations of California Civil Code Section 2943, rescission of the loan made by Bank of America, N.A. ("Bank of America"), quiet title under California law, declaratory relief,[1] and violation of California Business and Professions Code § 17200 *et seq.* They requested damages and injunctive relief. Pursuant to 28 U.S.C. § 1331, the court has subject matter jurisdiction over the case, because the complaint alleges causes of action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.* ("RESPA").

The complaint was accompanied by a Motion for Ex parte Request for a Temporary Restraining Order ("TRO") to Stop the Trustee Sale of the Property Scheduled for November 5,

---

[1] Plaintiffs do not specify what declaratory relief they seek. (Compl. at 7.)

2009.[2] Plaintiffs alleged that Bank of America initiated non-judicial foreclosure proceedings scheduled for November 5, 2009, which Plaintiffs requested to enjoin based on their rescission of the underlying loan. The motion was denied by order filed November 5, 2009. On the same day, Plaintiffs filed a new motion for a TRO seeking the same relief, with the exception that the trustee sale is scheduled for November 6, 2009. For the reasons which follow, Plaintiffs' second motion for a TRO is **DENIED**.

A party seeking preliminary injunctive relief, including a TRO, must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in the moving party's favor. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998).

Plaintiffs claim that they have rescinded the Bank of America loan pursuant to 15 U.S.C. § 1635 based on the lender's failure to make the requisite disclosures. One of the requirements for rescission under section 1635 is the borrower's return of money received from the lender, less interest, finance charges and similar items. Unless the lender acquiesces in the rescission, the rescission is not automatic. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). If rescission were automatic, "a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any." *Id.* (emphasis in original). A court "may impose conditions on rescission that assure that the borrower meets [his or] her obligations once the creditor has performed its obligations." *Id.* at 1173. If the borrower cannot comply with the obligations, *i.e.*, lacks capacity to pay back what he or she received from the lender, the court may decide not to enforce the rescission. *Id.* Plaintiffs assert in a conclusory fashion that their counsel rescinded the Bank of America loan.

---

[2] The complaint and documents filed in support of the initial TRO motion included references to various exhibits, however, the exhibits were not provided to the court either initially or in support of Plaintiffs' new motion.

(Keane Decl. dated Nov. 4, 2009 ¶ 10.)  They do not assert, nor could they given the pending sale, that Bank of America acquiesced in the rescission.  Furthermore, they do not specify whether they offered to repay the loan amount or are able to make such an offer.  Accordingly, the record before the court does not show that Plaintiffs are capable of performing their own rescission obligations.  Plaintiffs failed to make a sufficient showing of their likelihood of success on the merits.  Their motion for a TRO can therefore be denied on this ground alone.

In addition, Plaintiffs argue that the sale would be unjust because "a third-party purchaser ("Buyer") has made a short sale offer to the Servicer and Servicer has made repeated assurances to Buyer and Plaintiff's counsel that no Trustee Sale is scheduled . . .."  (Mem. of P.&A. dated Nov. 5, 2009 at 1-2.)  Neither the November 4 nor the November 5 memorandum of points and authorities discusses these facts in the context of the merits of Plaintiffs' case or irreparable injury.  Regardless of the purpose for which they were included, these allegations remain unsupported by the affidavits.  The only evidence of a short sale is counsel's conclusory statement that "It is [his] understanding that a third-party purchaser is seeking to consummate a 'short sale' of the Property with the lenders."  (Keane Decl. dated Nov. 4, 2009 ¶ 3.)  No foundation is provided as to how this belief came about.  The only evidence of the Servicer's representations are two sentences in counsel's declaration which mention them, but do not directly discuss them:  "Plaintiff's [*sic*] counsel contacted Trustee . . . regarding Servicer's assertions that no sale date was pending," and "Plaintiff contacted Trustee . . . regarding Servicer's assertions that no sale date was pending."[3]  (*Id*. ¶¶ 11 & 13.)

Based on the foregoing, Plaintiffs' motion for a TRO is **DENIED**.

The court notes that the motion was electronically filed without first obtaining a hearing date from the court as required by Civil Local Rule 7.1.  If Plaintiffs move for a ruling from the court, they must first contact chambers to obtain a hearing date.  Civ. Loc. R. 7.1(b).  Counsel is advised that any further failure to comply with the Local Rules or Electronic Case Filing

---

[3]  The affidavit does not specify which one of the two Plaintiffs contacted the Trustee.  Neither Mr. Gerth's November 4 nor Plaintiffs' November 5 declaration mentions a telephone call with the Servicer.

1  Administrative Policies and Procedures Manual may lead to sanctions pursuant to Civil Local
2  Rule 83.1.
3      **IT IS SO ORDERED**.

5  DATED: November 6, 2009

                                              M. James Lorenz
                                              United States District Court Judge

8  COPY TO:
9  HON. RUBEN B. BROOKS
   UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL