UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT GERTH *et al.*, | ) | Civil No. 09cv2475-L(RBB) |
| Plaintiffs, | ) | |
| v. | ) | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| AMERICAN MORTGAGE EXPRESS FINANCIAL, *et al.*, | ) | |
| Defendants. | ) | |

In this mortgage foreclosure action Defendants Bank of America, N.A, Mortgage Electronic Registrations System, Inc., BAC Home Loans Servicing, LP, Federal National Mortgage Association, Landsafe, Inc. and Reconstruct Company, N.A. (collectively "Moving Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiffs opposed. For the reasons which follow, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND.**

According to the operative first amended complaint ("Compl."), Plaintiffs Robert and Judith Gerth entered into two refinance transactions secured by the property located at 23877 Sundance View Lane in Descanso, California ("Property"). On March 1, 2004 they borrowed $296,000 from American Mortgage Express Financial ("AMEF" and "First Loan,"

respectively),[1] secured by a deed of trust on the Property. On November 16, 2005 Mr. and Mrs. Gerth borrowed $130,000 from another lender, which is not identified in the first amended complaint ("Second Loan"). The Second Loan is also secured by a trust deed on the Property. Mr. and Mrs. Gerth fell behind on payments for both loans. On May 26, 2009 a notice of default issued for default on the First Loan and on July 13, 2009 a notice of default issued for default on the Second Loan. Notices of trustee's sale were recorded on May 26, 2009 and on October 22, 2009, respectively.

On November 4, 2009 Plaintiffs filed a complaint in this court together with an ex parte application for a restraining order to prevent foreclosure of the Property. Plaintiffs' initial and subsequent applications for a temporary restraining order were denied. (*See* orders filed Nov. 5 and 6, 2009.) On April 16, 2010 Plaintiffs filed the operative first amended complaint. They based federal subject matter jurisdiction on 28 U.S.C. Section 1331 and 1367.

Plaintiffs claim that they were defrauded into entering the two loans, that proper disclosures were not made, that due to various improprieties Defendants have no interest in the two deeds of trust, and that they cannot lawfully foreclose on the Property. Plaintiffs asserted causes of action for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), California Civil Code Section 2943 and California Business and Professions Code § 17200 *et seq.* ("UCL"), equitable wrongful foreclosure, cancellation of the deeds of trust, quiet title, breach of fiduciary duty, fraud and declaratory relief. They seek damages, rescission and cancellation of the deeds of trust, among other remedies.

The Moving Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

---

[1] In the first amended complaint Plaintiffs allege, on information and belief, that, despite the representations in the loan documents, the First Loan was in reality originated by Countrywide Bank, N.A., which also serviced the loan starting March 2004.

the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Plaintiffs argue that the motion is precluded by the automatic stay under 11 U.S.C. Section 362(a), which applies in bankruptcy proceedings. (Opp'n at 4-5.) On July 20, 2010 Mr. and Mrs. Gerth filed a voluntary petition for bankruptcy protection under Chapter 7. (Defs' Request for Judicial Notice, Exh. 6.)[2] The automatic stay does not apply to offensive actions brought by a debtor and "does not prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action." *In re Way (Eisinger v. Way)*, 229 B.R. 11, 13 (9th Cir. B.A.P. 1998). Plaintiffs' argument is therefore rejected.

The Moving Defendants contend, among other things, that the fifth cause of action based on TILA violations is time barred. Plaintiffs asserted this claim based on alleged failures to disclose and failure to rescind the mortgages based on their notices to rescind. (Compl. at 28-36, 40-41.)

The statute of limitations for damage claims under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction . . .." *King v. California*, 784 F.2d 910,

---

[2] A matter of public record outside the pleadings may be considered along with the complaint when deciding a motion to dismiss. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

915 (9th Cir. 1986). Both loans were consummated more than three years prior to Plaintiffs' filing of the initial complaint. (*See* Compl. at 5, 8.) Accordingly, the statute of limitations expired long before the filing. Although Plaintiffs correctly note that the statute of limitations may be subject to equitable tolling, *see King*, 784 F.2d at 915, they did not allege any facts in support of tolling in this case.

"A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred. *See Supermail Cargo*, 68 F.3d at 1206-07.

Because the expiration of the statute of limitations appears on the face of the complaint and because Plaintiffs did not allege any facts in support of equitable tolling, their TILA claim for damages is dismissed as time-barred.

The Moving Defendants also argue that Plaintiffs cannot state a claim for rescission under TILA. A borrower's right to rescind expires after three-years. 15 U.S.C. § 1635(f). The three-year period commences with the "consummation of the transaction." *Id*. When it expires, the right to rescind is completely extinguished and the court lacks jurisdiction over the claim. *Miguel v. Country Fuding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

Not only did Plaintiffs file the complaint well after the expiration of the three-year period, their alleged notices of rescission were not timely given. On November 2, 2009 Plaintiffs provided notice of rescission relative to the First Loan. (Compl. at 32.) This was more than three years after March 1, 2004, when they entered into the loan transaction. (*Cf. id.* at 5.) They provided notice of rescission relative to the Second Loan on November 2, 2009. (*Id*. at 35.) Again, this was more then three years after November 16, 2005, when they entered into the Second Loan. (*Cf. id.* at 8.) Because the expiration of the three-year rescission period appears on the face of the first amended complaint, the TILA claim for rescission is dismissed as time-barred.

The only other remaining federal claim alleged in the first amended complaint is the fourth cause of action for RESPA violations.  Although this claim is asserted only against AMEF (Compl. at 39), which is not one of the Moving Defendants, Plaintiffs argue in their opposition, in the context of the seventh cause of action for violation of the UCL, that a subsidiary of Bank of America was responsible for the RESPA violations (Opp'n at 12).  The RESPA violations are incorporated into Plaintiffs' UCL claim pursuant to California Business and Professions Code Section 17200, which prohibits unlawful business acts.  (*Cf.* Compl. at 39-40 & 42-43.)  Accordingly, the court here reviews the fourth cause of action for RESPA violations as well.

Plaintiffs alleged that Defendants failed to comply with 12 U.S.C. Section 2607, which prohibits kickbacks and unearned fees, and with Section 2604, which provides for distribution to borrowers of special information booklets about real estate settlement services.  (Compl. at 27-28, 39-40 & 42-43.)  RESPA provides for district court jurisdiction only for violations of sections 2605, 2607 and 2608, but not for section 2604 violations.  *See* 12 U.S.C. § 2614.  Accordingly, to the extent Plaintiffs base their RESPA claim on section 2604, it is dismissed.  The alleged violations of section 2607 are subject to a one-year statute of limitations, starting with the "date of the occurrence of the violation."  12 U.S.C. § 2614.  The alleged non-disclosure of compensation from "affiliated business arrangements" occurred when Plaintiffs entered into the First Loan transaction on March 1, 2004.  (*Cf.* Compl. at 5 & 27-28.)  Because this action was not filed until November 4, 2009, Plaintiffs' section 2607 claims are time-barred.

Based on the foregoing, the Moving Defendants' motion to dismiss is **GRANTED** with respect to the TILA and RESPA claims.  Having granted the motion with respect to all the federal claims, the court must next consider whether Plaintiffs should be granted leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. Because it appears that Plaintiffs may potentially be able to amend the federal claims, the fourth and fifth causes of action are **DISMISSED WITH LEAVE TO AMEND**.

As all federal claims are dismissed and none remain in this action, the court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). They are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Should Plaintiffs choose to amend their federal claims, they may re-allege their state law claims in the amended complaint.

However, any amended complaint Plaintiffs choose to file must comply with Federal Rule of Civil Procedure 8. Rule 8 requires a pleading to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." It sets forth general rules of notice pleading in the Federal Courts. *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).

The first amended complaint fails to comply with Rule 8 in that the factual allegations in support of the causes of action are scattered throughout the pleading, which makes review unduly cumbersome. Furthermore, Plaintiffs' references to various Defendants and other parties involved in the transactions are confusing, making it particularly difficult to follow Plaintiffs' claims. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth who is being sued, for what relief, and on what theory, with enough detail to provide notice to defendants). A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry* 84 F.3d at 1179. If Plaintiffs file a second

amended complaint which fails to comply with Rule 8, it will be dismissed under Rule 41(b).

Finally, in the November 6, 2009 order Plaintiffs were admonished for failing to comply with court rules. They have not heeded the admonition. They filed their first amended complaint without a proof of service. Service is required by Federal Rule of Civil Procedure 5 and filing a proof of service of an electronically filed document is required by Electronic Case Filing Administrative Policies and Procedures Manual ("ECF") Section 2(d). Moreover, they did not deliver to chambers a courtesy copy of their 51-page complaint with over 160 pages of exhibits, as required by ECF Section 2(e). If Plaintiffs continue to disregard court rules and orders, sanctions will be imposed pursuant to Civil Local Rule 83.1, which may include dismissal under Federal Rule of Civil Procedure 41(b).

Accordingly, it is hereby **ORDERED** as follows:

1. The Moving Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

2. No later than **April 4, 2011** Plaintiffs must file and serve either an amended complaint in compliance with this order, or a notice of election not to file an amended complaint. Failure to comply with this order will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendants' response to the amended complaint, if any, must be filed and served within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED**.


DATED: March 18, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL